UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

CYNTHIA E. ALFORD,                )
                                  ) No. CV-05-166-CI
          Plaintiff,              )
                                  ) ORDER DENYING PLAINTIFF'S
v.                                ) MOTION FOR SUMMARY JUDGMENT
                                  ) AND DIRECTING ENTRY OF
JO ANNE B. BARNHART,              ) JUDGMENT FOR DEFENDANT
Commissioner of Social            )
Security,                         )
                                  )
          Defendant.              )
                                  )

     BEFORE THE COURT are cross-Motions for Summary Judgment (Ct.
Rec. 16, 19), submitted for disposition without oral argument on
February 6, 2006.  Attorney Maureen J. Rosette represents Plaintiff;
Special Assistant United States Attorney Daphne Banay represents
Defendant.    The  parties  have  consented  to  proceed  before  a
magistrate judge.  (Ct. Rec. 6.)  After reviewing the administrative
record  and  the  briefs  filed  by  the  parties,  the  court  **DENIES**
Plaintiff's  Motion  for  Summary  Judgment  and  directs  entry  of
judgment for Defendant.

     Plaintiff, born June 24, 1953, was 49-years-old at the time of
the  administrative  hearing.    She  was  5'4"  tall  and  weighed  220
pounds.  (Tr. at 550-551.)  She previously filed an application for
disability benefits, which was denied by the ALJ on March 21, 2001.

There was no appeal or request to reopen that decision.  Plaintiff then filed an application for Supplemental Security Income benefits on April 24, 2001, alleging disability as of October 15, 1997, due to leg and heart problems.  (Tr. at 406-412.)  Plaintiff had a high school education and past relevant work as a salad maker, secretary, telemarketer, hotel maid, switchboard operator, and other short term, temporary jobs.  Following a denial of benefits at the initial stage and on reconsideration, a hearing was held before Administrative Law Judge Paul Gaughen (ALJ).  In 2003, the ALJ denied benefits; review was denied by the Appeals Council.  This appeal followed.  Jurisdiction is appropriate pursuant to 42 U.S.C. § 405(g).

**ADMINISTRATIVE DECISION**

The ALJ concluded Plaintiff had not engaged in substantial gainful activity and suffered from severe impairments, but those did not meet the Listings.  (Tr. at 359.) Her impairments included mild aortic regurgitation, obesity and osteoarthritis/degenerative joint disease of the knees and lumbar spine.  Plaintiff's testimony was not found fully credible.  The ALJ found she had a residual capacity for light work with occasional climbing of ramp/stairs, balancing, kneeling, crouching, crawling, or stooping, and no climbing of ladder/rope/scaffolds or work around hazards.  Plaintiff was not found to be precluded from performing her past relevant work as a secretary, accounts payable clerk, or switchboard operator.  (Tr. at 359.)  The ALJ concluded Plaintiff was not disabled.

**ISSUES**

The question presented is whether there was substantial evidence to support the ALJ's decision denying benefits and, if so,

ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND DIRECTING ENTRY OF JUDGMENT FOR DEFENDANT - 2

whether that decision was based on proper legal standards. Plaintiff contends the ALJ erred when he (1) concluded Plaintiff's mental impairments were non-severe, (2) concluded she had the residual capacity to perform a full range of light work, and (3) relied on the opinion of the consulting physician.

### STANDARD OF REVIEW

In *Edlund v. Massanari*, 253 F.3d 1152, 1156 (9th Cir. 2001), the court set out the standard of review:

> The decision of the Commissioner may be reversed only if it is not supported by substantial evidence or if it is based on legal error. *Tackett v. Apfel*, 180 F.3d 1094, 1097 (9th Cir. 1999). Substantial evidence is defined as being more than a mere scintilla, but less than a preponderance. *Id.* at 1098. Put another way, substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Richardson v. Perales*, 402 U.S. 389, 401 (1971). If the evidence is susceptible to more than one rational interpretation, the court may not substitute its judgment for that of the Commissioner. *Tackett*, 180 F.3d at 1097; *Morgan v. Comm'r of Soc. Sec. Admin.* 169 F.3d 595, 599 (9th Cir. 1999).
>
> The ALJ is responsible for determining credibility, resolving conflicts in medical testimony, and resolving ambiguities. *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995). The ALJ's determinations of law are reviewed *de novo*, although deference is owed to a reasonable construction of the applicable statutes. *McNatt v. Apfel*, 201 F.3d 1084, 1087 (9th Cir. 2000).

### SEQUENTIAL PROCESS

Also in *Edlund*, 253 F.3d at 1156-1157, the court set out the requirements necessary to establish disability:

> Under the Social Security Act, individuals who are "under a disability" are eligible to receive benefits. 42 U.S.C. § 423(a)(1)(D). A "disability" is defined as "any medically determinable physical or mental impairment" which prevents one from engaging "in any substantial gainful activity" and is expected to result in death or last "for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A). Such an impairment must result from "anatomical, physiological, or psychological

ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND DIRECTING ENTRY OF JUDGMENT FOR DEFENDANT - 3

abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. § 423(d)(3). The Act also provides that a claimant will be eligible for benefits only if his impairments "are of such severity that he is not only unable to do his previous work but cannot, considering his age, education and work experience, engage in any other kind of substantial gainful work which exists in the national economy . . . ." 42 U.S.C. § 423(d)(2)(A). Thus, the definition of disability consists of both medical and vocational components.

In evaluating whether a claimant suffers from a disability, an ALJ must apply a five-step sequential inquiry addressing both components of the definition, until a question is answered affirmatively or negatively in such a way that an ultimate determination can be made. 20 C.F.R. §§ 404.1520(a)-(f), 416.920(a)-(f). "The claimant bears the burden of proving that [s]he is disabled." *Meanel v. Apfel*, 172 F.3d 1111, 1113 (9th Cir. 1999). This requires the presentation of "complete and detailed objective medical reports of h[is] condition from licensed medical professionals." *Id*. (citing 20 C.F.R. §§ 404.1512(a)-(b), 404.1513(d)).

**ANALYSIS**

1. **Severe Impairment**

Plaintiff contends the ALJ erred when he rejected Dr. Pollack's opinion which included several limitations. Dr. Pollack diagnosed somatoform disorder with the following moderate functional limitations: (1) maintaining attention and concentration for extended periods; (2) completing a normal workday or work week; (3) interacting appropriately with the public; (4) accepting instructions and responding appropriately to criticism from supervisors; (5) maintaining socially appropriate behavior; and (6) adhering to basic standards of neatness and cleanliness. Defendant responds the ALJ correctly relied on the findings of examining physician Dr. Toews, who concluded Plaintiff would have only slight limitations with the possibility of malingering. He also noted "she had no difficulty remembering simple instructions and was probably

ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND DIRECTING ENTRY OF JUDGMENT FOR DEFENDANT - 4

able to remember detailed" as well, had normal attention and concentration and working memory, and presented as an "open, gregarious individual" who "would have no difficulty relating to co-workers or tolerating supervision." (Tr. at 356.)

At step two of the sequential process, the ALJ must conclude whether Plaintiff suffers from a "severe" impairment, one which has more than a slight effect on the claimant's ability to work. To satisfy step two's requirement of a severe impairment, the claimant must prove the existence of a physical or mental impairment by providing medical evidence consisting of signs, symptoms, and laboratory findings; the claimant's own statement of symptoms alone will not suffice. 20 C.F.R. § 416.908. The effects of all symptoms must be evaluated on the basis of a medically determinable impairment which can be shown to be the cause of the symptoms. 20 C.F.R. § 416.929. Once medical evidence of an underlying impairment has been shown, medical findings are not required to support the alleged severity of pain. *Bunnell v. Sullivan*, 947 F.2d 341, 345 (9th Cir. 1991). However, an overly stringent application of the severity requirement violates the statute by denying benefits to claimants who do meet the statutory definition of disabled. *Corrao v. Shalala*, 20 F.3d 943, 949 (9th Cir. 1994). Thus, the Commissioner has passed regulations which guide dismissal of claims at step two. Those regulations state an impairment may be found to be not severe *only* when evidence establishes a "slight abnormality" on an individual's ability to work. *Yuckert v. Bowen*, 841 F.2d 303, 306 (9th Cir. 1988) (citing Social Security Ruling 85-28). The ALJ must consider the combined effect of all of the claimant's impairments on the ability to function, without regard to whether

ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND DIRECTING ENTRY OF JUDGMENT FOR DEFENDANT - 5

1   each alone was sufficiently severe.  *See* 42 U.S.C. § 423(d)(2)(B)

2   (Supp. III 1991).  The step two inquiry is a *de minimis* screening

3   device to dispose of groundless or frivolous claims.  *Bowen v.*

4   *Yuckert*, 482 U.S. 137, 153-154.

5       In addressing Dr. Pollack's opinion, the ALJ noted:

6       The undersigned notes that the claimant has been diagnosed
        as suffering from a somatoform disorder.  However, after
7       consideration of the medical record, the undersigned
        concludes that the claimant suffers from no severe,
8       medically determinable mental impairment, which imposes or
        has imposed more than slight limitations on her ability to
9       perform work-related activities and/or has not lasted in
        severity for any continuous 12-month period.
10
        In making this determination, the undersigned notes that
11      although Dr. Pollack diagnosed the claimant with a
        somatoform disorder with some moderate functional mental
12      limitations, treating and examining physicians have noted
        no unusual pain or pain-related behavior and as put forth
13      in Dr. Toews report, would argue against such a diagnosis.
        The moderate functional mental limitations found by Dr.
14      Pollack [noted above] ... are simply not supported by the
        overall medical evidence of record.
15
        The undersigned assigns diminished weight to Dr. Pollack's
16      analysis.   Dr. Pollack opined that the claimant had
        revealed a preoccupation with physical complaints and a
17      propensity of antisocial behaviors and while she might
        have antisocial impulses, that she was inclined to
18      associate with others who acted out inappropriately and
        that her behavior could also be called inappropriate with
19      him noting she had some rather unusual behaviors.   In
        contrast to these observations and the aforementioned
20      moderate mental limitations set forth by Dr. pollack, the
        undersigned first notes that the extensive examination by
21      Dr. Toews revealed the claimant presented very differently
        than she tested, with good recall during the interview;
22      easy and ready interaction; and anxiety and depression
        free (which would be unusual if one had memory deficits
23      and perhaps some cognitive losses).   Dr. Pollack also
        reported she had no difficulty remembering simple
24      instructions and was probably able to remember detailed
        instructions; normal attention and concentration; normal
25      working memory and that she presented as a rather open,
        gregarious individual that would have no difficulty
26      relating to co-workers or tolerating supervision.

27   (Tr. at 356.)  Additionally, the ALJ noted Plaintiff's report of

28   daily activities (drives, balances a checkbook and pays bills, has

ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND DIRECTING
ENTRY OF JUDGMENT FOR DEFENDANT - 6

a number of friends she sees on a regular basis, gets along with people in general, enjoys movies, plays the guitar, sings, and goes camping (Tr. at 525)) was inconsistent with severe mental limitations as was the fact she had not sought or received any mental health treatment or used medication. (Tr. at 357.)

Neither Dr. Pollack nor Dr. Toews provided treatment; thus, for purposes of this analysis both are considered examining physicians. Dr. Pollack administered the WAIS-III and MMPI-2. (Tr. at 511.) Dr. Pollack tested Plaintiff's full scale IQ at 87, low average intelligence. (Tr. at 513.) Her MMPI scores were valid with elevated L and K scores indicative of attempting to present herself in a most favorable light; the scores also reflected she was guarded, defensive and prone to act out inappropriately or through others who acted inappropriately. (Tr. at 514.) He concluded Plaintiff suffered from somatoform disorder, with several moderate limitations. (Tr. at 516-517.)

Dr. Toews administered a mental status examination, WMS-III, Trails A and B and Test of Memory Malingering. (Tr. at 534.) He noted that Plaintiff presented very differently than as tested. Dr. Toews diagnosed rule/out malingering, possible somatization disorder and possible histrionic and passive-aggressive personality traits. Her GAF was assessed at 75, indicative of only slight limitations. (Tr. at 538-540.) DIAGNOSTIC AND STATISTICAL MANUAL OF MENTAL DISORDERS, FOURTH EDITION (DSM-IV), at 32 (1995).

When there is a conflict in the medical findings, the ALJ is responsible for resolving the conflict. *Morgan v. Comm'r of the Soc. Sec. Admin.*, 169 F.3d 595, 603 (9th Cir. 1999). When a physician relies on "independent clinical findings" in formulating

a medical opinion, that opinion may be credited by the ALJ. *Andrews v. Shalala*, 53 F.3d 1035, 1041 (9th Cir. 1995); *Magallanes v. Bowen*, 881 F.2d 747, 751 (9th Cir. 1989).  In the absence of independent clinical findings, an opinion of an examining physician may be disregarded only after setting forth specific, legitimate reasons based on substantial evidence in the record.  *Magallanes*, 881 F.2d at 751 (citation and internal quotation marks omitted).  Here, the ALJ resolved the conflict between the differing opinions, choosing to credit that of Dr. Toews.  Not only were there independent clinical findings to support that opinion, but the ALJ gave specific, legitimate reasons for doing so, including a list of inconsistent daily activities (Tr. at 525) and failure to participate in mental health treatment or counseling.  These are legitimate reasons for rejecting a medical opinion.  *Rollins v. Massanari*, 261 F.3d 853, 856 (9th Cir. 2001).  There was no error in concluding Plaintiff's mental impairment was non-severe.

2.   **Consulting Physician / Residual Physical Capacity**

Plaintiff contends the ALJ erred when he concluded she could perform a full range of light work, with occasional postural limitations and no work around heights or hazardous machinery.  Plaintiff argues this conclusion was based on the opinion of consultant Dr. Diane L. Rubin, who examined Plaintiff on only one occasion, in contrast to treating physician, Dr. David Hurley, who concluded Plaintiff was severely limited due to coronary artery disease, hyperlipidemia and hypothyroidism.  (Tr. at 479.)

In a disability proceeding, the treating physician's opinion is given special weight because of his familiarity with the claimant and his physical condition. *See Fair v. Bowen*, 885 F.2d 597, 604-05

(9th Cir. 1989).  If the treating physician's opinions are not contradicted, they can be rejected only with "clear and convincing" reasons.  *Lester v. Chater*, 81 F.3d 821, 830 (9th Cir. 1996). If contradicted, the ALJ may reject the opinion if he states specific, legitimate reasons that are supported by substantial evidence. *See Flaten v. Secretary of Health and Human Serv*., 44 F.3d 1453, 1463 (9th Cir. 1995); *Fair*, 885 F.2d at 605.  While a treating physician's uncontradicted medical opinion will not receive "controlling weight" unless it is "well-supported by medically acceptable clinical and laboratory diagnostic techniques," Social Security Ruling 96-2p, it can nonetheless be rejected only for "'clear and convincing' reasons supported by substantial evidence in the record." *Holohan v. Massanari*, 246 F.3d 1195, 1202 (9th Cir. 2001) (quoting *Reddick v. Chater*, 157 F.3d 715, 725 (9th Cir. 1998)).  Furthermore, a treating physician's opinion "on the ultimate issue of disability" must itself be credited if uncontroverted and supported by medically accepted diagnostic techniques unless it is rejected with clear and convincing reasons. *Holohan*, 246 F.3d at 1202-03.  Historically, the courts have recognized conflicting medical evidence, the absence of regular medical treatment during the alleged period of disability, and the lack of medical findings to support a doctor's report based substantially on a claimant's subjective complaints of pain, as specific, legitimate reasons for disregarding the treating physician's opinion. *See Flaten*, 44 F.3d at 1463-64; *Fair*, 885 F.2d at 604.

In his opinion, the ALJ noted

Although Dr. Hurley found the claimant severely limited on

ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND DIRECTING ENTRY OF JUDGMENT FOR DEFENDANT - 9

May 9, 2002 due to coronary artery disease; hyperlipidemia; and history of hypothyroidism on a Physical Evaluation form, the undersigned notes this form is shown to be (from the face of the document) a report compiled for public assistance eligibility purposes for use by the Department of Social and Health Services. The report's findings are not supported by reference to standardized testing or by the claimant's treating cardiologist who has recommended prophylactic medication and yearly follow-up evaluations only, with no functional limitations assessed by him.

The findings at Exhibit B5F [completed by Dr. Hurley] are also not supported by, or consistent with, the more detailed report of consultative examination at Exhibit B11F [completed by Dr. Rubin]. The latter report is supported by findings from a clinical interview and standardized testing for orthopedic and other possible impairments and accordingly, these findings are afforded greater weight.

(Tr. at 357, references to some exhibits omitted.) As noted by the ALJ and confirmed by her treating cardiologist, Plaintiff's post-operative coronary artery disease did not present any limitations and the only recommendation was follow-up on an annual basis. Additionally, it appears from Dr. Hurley's clinical notes, that the hyperlipidemia and hypothyroidism were well controlled with medication. (Tr. at 489, 490, 504.) Moreover, Dr. Hurley's RFC was not supported by clinical findings. Plaintiff did not report any difficulty walking or standing because of the post-operative knee impairment. (Tr. at 524.) Frequent urinary urges were controlled with medication. (Tr. at 524.) Dr. Rubin's examination revealed normal reflexes, range of motion, muscle strength, grip strength, gross and fine manipulation. Only an inability to perform a full squat was observed due to poor balance. (Tr. at 526.) Finally, Dr. Rubin's assessment of light work capability was supported by other RFC forms in the record and Plaintiff's report of daily activities. (Tr. at 461, 473, 525.) Finally, Plaintiff reported she did not

engage in work after 1986 because of "boyfriends." (Tr. at 525.) The ALJ did not err in assessing Plaintiff's residual capacity to be one capable of light work with some postural limitations. (Tr. at 358.) Accordingly,

**IT IS ORDERED**:

1. Plaintiff's Motion for Summary Judgment **(Ct. Rec. 16)** is **DENIED.**

2. Defendant's Motion for Summary Judgment dismissal **(Ct. Rec. 19)** is **GRANTED**; Plaintiff's Complaint and claims are **DISMISSED WITH PREJUDICE.**

3. The District Court Executive is directed to file this Order and provide a copy to counsel for Plaintiff and Defendant. The file shall be **CLOSED** and judgment entered for Defendant.

DATED February 9, 2006.

_____S/ CYNTHIA IMBROGNO_____
UNITED STATES MAGISTRATE JUDGE